

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 13, 1971

Honorable Tom Hanna
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas

Opinion No. M-930

Re: Can the District Attorneys
of Orange and Jefferson
counties commission the
Regional Juvenile Legal
Services Officer as an
Assistant District Attorney
for each of these counties

Dear Mr. Hanna:

You have requested from this office an opinion concerning the following question:

Can the District Attorneys of Orange and Jefferson Counties commission the Regional Juvenile Legal Services officer as an Assistant District Attorney for each of these counties?

You have furnished us with the following facts:

1. The Office of Regional Juvenile Services Officer has been created by the Southeast Texas Regional Planning Commission for the purpose of assisting law enforcement activities within the State.

2. This officer's salary is paid out of a grant to the Planning Commission by the Criminal Justice Council.

-4537-

3. There will be no actual expenditure of funds by either county to this officer, who is not technically a county employee of Orange or Jefferson counties.

4. It is agreed between the Southeast Texas Regional Planning Commission and the District Attorneys of Orange and Jefferson counties that this officer is to be commissioned by the District Attorneys of each county as an Assistant District Attorney and will handle all duties in connection therewith at the direction of the respective District Attorneys.

The answer to your question is in the affirmative.

We agree that a research of the statutes, and, in particular, Articles 321 through 328, Vernon's Civil Statutes, relating to District Attorneys, show no statutory impediment to the proposed agreement stated above. All of the above numbered statutes which apply to the appointment of Assistant District Attorneys consistently require that the person appointed be a qualified licensed attorney with authority to perform all the acts and duties of the District Attorney at his direction, under the laws of this State and subject to removal at his will.

Article 1581h, Sections 1-8, Vernon's Civil Statutes (H.B. No. 646, 62nd Leg., R.S. 1971, Ch. 513, p. 1751) authorizes the necessary intergovernmental contracting to effect such a contractual agreement.

Under the facts set out, there is no violation of the dual office holding provisions of Article XVI, Sections 12, 33 or 40 of the Texas Constitution, and there is no violation of Article 6252-9, Vernon's Civil Statutes, dealing with the standards of conduct for officers and employees of State agencies, legislators, etc., as to conflict of interests. Also, there is no conflict of interest or duties involved or any incompatibility under the common law. We are of the opinion that

so long as the Regional Planning Commission and the Criminal Justice Council places no restrictions and imposes no duties which would be in conflict with or are inconsistent with the duties of an Assistant District Attorney of Orange and Jefferson counties, the Regional Juvenile Legal Services Officer may serve as an Assistant District Attorney of such counties.

## S U M M A R Y

The District Attorneys of Orange and Jefferson counties may commission the Regional Juvenile Legal Services Officer as an Assistant District Attorney for each of these counties under the facts stated.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Melvin Corley
Jay Floyd
Ben Harrison
Lewis A. Jones

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant